IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MARCUS VAUGHN                                                                      PETITIONER

v.                                                                                  No. 3:16CV237-M-RP

MARSHALL FISHER, ET AL.                                                           RESPONDENTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Marcus Vaught for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). Mr. Vaughn has not responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* dismissed as untimely filed.

**Facts and Procedural Posture**

Marcus Vaughn is in the custody of the Mississippi Department of Corrections and is currently housed at the Yazoo Regional Correctional Facility in Yazoo City, Mississippi. He was convicted in Tunica County Circuit Court for manslaughter and being a felon in possession of a firearm. He was originally indicted for murder and possession of a firearm by a convicted felon as a habitual offender under Miss. Code Ann. § 99-19-81, which provides:

> Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

Mr. Vaughn's indictment reflects that he was previously convicted of four prior felonies – two convictions for possession of illegal narcotics and two convictions for automobile burglary. *See*

Exhibit A[1] (Indictment in Tunica County Circuit Court Cause Number 2008-0025).

Mr. Vaughn pled guilty to the lesser offenses of manslaughter as a habitual offender and to possession of a firearm by a convicted felon as a non-habitual offender. *See* Exhibit B (Petition of Defendant for Court to Accept Plea and Guilty Plea/Sentencing Hearing Transcript). On October 6, 2008, the Tunica County Circuit Court sentenced Vaughn to a mandatory twenty-year sentence in the custody of the Mississippi Department of Corrections ("MDOC") as a habitual offender for manslaughter and a ten-year sentence in the custody of the MDOC for possession of a firearm by a felon to be served consecutively to his manslaughter sentence. *See* Exhibit C (Judgment and Sentence Cause No. 2008-0025 Count I, Sentencing Judgment Cause No. 2008-0025 Count II, and Notice of Criminal Disposition).

Mr. Vaughn has filed pleadings in both the Tunica County Circuit Court and the Mississippi Supreme Court challenging the guilty pleas and resulting sentences. On November 6, 2009, he signed a "Motion for Post-Conviction Relief to Vacate Conviction and Sentence," which was stamped as "filed" in Tunica County Circuit Court Cause Number 2009-0335 on November 10, 2009. *See* Exhibit D.[2] On January 18, 2011, the Tunica County Circuit Court denied Mr. Vaughn's Motion for Post-Conviction Relief. *See* Exhibit E.[3]

---

[1] The exhibits referenced in the instant memorandum opinion may be found attached to the State's motion to dismiss.

[2] Mr. Vaughn attached two Affidavits in support of his thirty-seven-page pleading, including an Affidavit signed by his mother, Betty Vaughn, and another signed by his sister, Randanda Vaughn. *See* Exhibit D.

[3] In its "Order Granting Petitioner's Motion to Proceed In Forma Pauperis, Denying Motion for Appointment of Counsel, and Denying Petitioner's Motion for Post-Conviction Relief," the Tunica County Circuit Court noted that Vaughn's civil action had been incorrectly assigned another judge. *See* Exhibit E. The court stated that the incorrect assignment significantly delayed the circuit court's ruling on Vaughn's post-conviction action. *Id.*

On January 28, 2011, he appealed the circuit court's decision to the Mississippi Supreme Court. *See* Exhibit F. On appeal, he argued that the circuit court erred by failing to conduct an evidentiary hearing on his motion for post-conviction relief, that his guilty pleas were not voluntarily and intelligently entered, and that he was denied effective assistance of counsel. *See* Exhibit G. The Mississippi Court of Appeals ruled that Mr. Vaughn's arguments held no merit and affirmed the Tunica County Circuit Court's denial of post-conviction relief. *See* Exhibit H (*Vaughn v. State*, 85 So.3d 907, 909 (Miss. Ct. App. 2012) (Cause No. 2011-CP-00176-COA)). The mandate issued on May 1, 2012. *See* Exhibit I. On May 16, 2012, Vaughn filed a Motion for Rehearing. *See* Exhibit J. By Order filed on August 21, 2012, the Mississippi Court of Appeals dismissed Vaughn's Motion for Rehearing as untimely. *See* Exhibit K. On September 17, 2012, Vaughn filed a Petition for *Certiorari*. *See* Exhibit L (Petition for Writ of *Certiorari* without Exhibits). On November 15, 2012, the Mississippi Supreme Court dismissed Vaughn's Petition for *Certiorari* as untimely. *See* Exhibit M.

**One-Year Limitations Period**

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized

> by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

By statute, there is no direct appeal from a guilty plea in Mississippi. *See* Miss. Code Ann. § 99-35-101. Thus, Mr. Vaughn's conviction became final on October 6, 2008, the date on which the Tunica County Circuit Court sentenced Vaughn on his guilty plea. *See Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). His initial deadline to seek federal *habeas corpus* relief therefore became October 6, 2009 (October 6, 2008 + one year). He did not file a proper application for post-conviction relief as contemplated by 28 U.S.C. § 2244(d)(2) on or before the October 6, 2009[4], deadline; as such, he does not benefit from statutory tolling of the limitations period. *See Grillete v. Warden,* 372 F.3d 765, 769 (5th Cir. 2004); *Flanagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998).

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing

---

[4] Mr. Vaughn filed a state post-conviction action on November 6, 2009, a month after the federal *habeas corpus* deadline expired. However, even if Mr. Vaughn had benefited from statutory tolling during the pendency of this state court post-conviction action, the instant petition for a writ of *habeas corpus* would still be untimely by about six years.

*Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). Mr. Vaughn's deadline to seek federal *habeas corpus* relief expired on October 6, 2009. His federal *habeas corpus* petition was filed sometime between the date it was signed on October 14, 2016, and the date it was received and stamped as "filed" in the district court on October 17, 2016.[5] Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed some seven years after the filing deadline.

Mr. Vaughn does not allege any "rare and exceptional" circumstance to warrant equitable tolling, as he was neither actively misled, nor prevented in some extraordinary way from asserting his right to seek federal *habeas corpus* relief in a timely manner. *See Ott v. Johnson*, 192 F.3d 510, 513-14 (5th Cir. 1999). Indeed, Mr. Vaughn has offered no argument to support tolling of the limitations period. As such, he is not entitled to equitable tolling of the federal limitations period. *Id*.

For these reasons, the State's motion to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 28th day of November, 2018.

                                **/s/ MICHAEL P. MILLS**
                                **UNITED STATES DISTRICT JUDGE NORTHERN**
                                **DISTRICT OF MISSISSIPPI**

---

[5] The envelope attached to Mr. Vaughn's federal petition for a writ of *habeas corpus* bears a postmark date of October 15, 2016. He did not, however, date his petition; as such, the court has given him the benefit of the general three-day mailing rule under Fed. R. Civ. P. 6(d).